# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMES ANGELO HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV416-210 |
| ) | |
| C/O R. Latimore ) | |
| ) | |
| Defendant. ) | |

## ORDER

Proceeding *pro se* and *in forma pauperis*, plaintiff James Hampton brings this 42 U.S.C. § 1983 complaint against a correctional officer at Chatham County Jail. Liberally construing[1] his allegations, plaintiff pleads Eighth Amendment violations. Doc. 1. The Court screens his Complaint under 28 U.S.C. § 1915A.[2]

---

[1] *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

[2] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court,

## I. BACKGROUND[3]

Hampton's Complaint is short on factual allegations. He writes that

> My hands where in restraints behind my back and my legs where in restraints. The officer struck me with a pare of leg restraints and a mop for nothing. This happend 07/11/2016 between 11:00 a.m., and 01:00 p.m. It's now 07/20/2016 and they will not take me to medical. The officer['s] name is R. Latimore.

Doc. 1 at 5 (unedited and reproduced in its entirety).

## II. ANALYSIS

### A. Administrative Exhaustion

As a preliminary matter, dismissal for failure to exhaust administrative remedies is not proper at this stage. Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a

---

under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

[3] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

"pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Gamer*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").

Plaintiff's allegations are, at least on preliminary review, sufficient to satisfy the exhaustion requirement. He says that he filed a grievance and spoke with investigative officers, but his grievance had not yet been resolved by the time of filing. Doc. 1 at 3-4. It is unclear whether he has *fully* exhausted his administrative remedies in that he claims both that he appealed an adverse decision and that the grievance is still being investigated. *Id.* At this stage of the proceedings, however, dismissal for failure to exhaust would be improper. *See Cole v. Secretary, Department of Corrections*, 451 Fed. Appx. 827, 828 (11th Cir. 2011) ("The exhaustion requirement is an affirmative defense, and a prisoner is not required to plead or demonstrate exhaustion in his complaint") (citing *Jones*, 549 U.S. at 216). If, however, defendant later moves to dismiss and puts forward proof showing that plaintiff failed to exhaust and defendant did not inhibit his efforts to do so, the PLRA requires the Court to dismiss

3

his claims.[4] *See Turner v. Burnside*, 542 F.3d 1077, 1082 (11th Cir. 2008); *Harris*, 190 F.3d at 1285-86.

## B.   Eighth Amendment Claims

Plaintiff (though *barely*) has pled facts sufficient to state a claim for use of excessive force under the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. *See Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). A prisoner must prove both that the prison official's conduct was objectively "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the use of force does

---

[4]   Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 Fed. Appx. 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

4

not violate the Constitution if it is applied "in a good-faith effort to maintain or restore discipline").[5]

Plaintiff states a plausible claim that Latimore used excessive force against him on the date of the incident. He alleges that, for no reason, defendant struck him with leg restraints and a mop while he was immobilized. And, he claims that he sustained some type of injury which, though unspecified, required medical attention. Taking these allegations as true, plaintiff posed no threat to the officer and thus there was simply no need for the application of injury-inducing force. This claim survives frivolity review.[6]

Hampton, however, fails to state a claim for denial of medical care against Latimore. A prison official's deliberate indifference "to an inmate's serious medical needs violates the inmate's right to be free from

---

[5] To determine whether the force was used for the "malicious and sadistic purpose of causing harm" or was applied in good faith, courts consider "the need for the application of force, the relationship between that need and the amount of force used, the extent of injury that the inmate suffered, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response." *Hudson*, 503 U.S. at 7; *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009); *Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs*, 456 F. App'x 845, 848 (11th Cir. 2012).

[6] If Hampton elects to amend his complaint (as this Order allows him to do with respect to his medical claim), he must reassert his allegation of excessive force in the amended complaint. He may simply re-write his current excessive-force claim, though in any amended complaint he should specify the type of harm he sustained as a result of being struck (*i.e.*, the nature of physical injury or pain he endured).

cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Estelle v. Gamble*, 429 U.S. 972 104 (1976). *See Farmer*, 511 U.S. at 832-33 (although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety).

At best, Hampton alleges that he has not been taken to see a medical professional since the incident. But he fails to allege that he had or has any "serious medical need"[7] warranting such action, much less that defendant was "deliberately indifferent" to his serious medical need. Plaintiff's mere desire to see a doctor -- without more -- is simply not enough to demonstrate that a constitutional violation occurred.

### C. Leave to Amend

As discussed above, plaintiff has failed to allege a cognizable claim for deliberate indifference to a serious medical need. Nevertheless, the

---

[7] A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see, e.g., Hutchinson v. N.Y. State Corr. Officers*, 2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (a "condition of urgency, one that might produce death, degeneration or extreme pain"). Only "those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9. "Mere 'malpractice' allegations do not suffice." *Jackson v. Franks*, 2012 WL 6626020 at * 1 (S.D. Ga. Dec. 19, 2012).

6

Eleventh Circuit has repeatedly held that a *pro se* prisoner should be given an opportunity to amend his complaint at least once. *See, e.g., Johnson v. Boyd*, 568 Fed. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). Hampton therefore gets another crack at drafting a Complaint.[8]

## III. CONCLUSION

Because he adequately alleged excessive force used in violation of the Eighth Amendment, the Court greenlights this claim. His claim for deliberate indifference to his medical needs, however, must be re-pled. Accordingly, the Court grants plaintiff leave to file an Amended Complaint within 30 days of the day this Order is served or face a recommendation of dismissal. The Amended Complaint must contain facts establishing *each* claim against Officer Latimore.

Hampton is advised that his amended complaint will supersede the original complaint and therefore must be complete in itself.[9] Once he

---

[8] Hampton must include a *coherent* "short and plain statement of the claim showing" that he is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the factual allegations that support his constitutional claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendant violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[9] *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir.

files an amended complaint, the original pleading will no longer serve any function in the case.

**SO ORDERED**, this __4th__ day of October, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

8